1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, et al.,

               Plaintiffs,

         v.

STATE OF WASHINGTON, et al.,

               Defendants.

CASE NO. CV 9213

Subproceeding No. 05-02

ORDER ON MOTION TO DISMISS

      This matter is before the Court for consideration of a motion to dismiss filed by the Port Gamble and Jamestown S'Klallam Tribes ("S'Klallam"). Dkt. # 57. The Skokomish Indian Tribe ("Skokomish"), joined by the Lower Elwha Klallam Tribe ("Lower Elwha"), has opposed the motion. Oral argument was heard on November 7, 2006, and the matter is now ripe for decision. For the reasons which follow, the Court shall grant the S'Klallam motion and dismiss this Subproceeding.

BACKGROUND AND DISCUSSION

      The S'Klallam Tribes initiated this case by filing a Request for Determination in January 2005, which was opened as subproceeding 05-01. The Request sought a determination that the Skokomish Tribe may not "open or conduct . . . [a]ny fishery in Hood Canal . . . in violation of the Hood Canal Agreement." They also requested a determination that the Skokomish may not conduct

> Any action such as the promulgation of any Fisheries Management Plan or Quota based allocation, or any other action controlling the harvest of fish and shellfish

ORDER ON MOTION TO DISMISS - 1

in Hood Canal . . .  without Plaintiff's "express consent" by "Compact or otherwise" as required in the above Hood Canal Agreement.[1]

Request for Determination ("Request"), p. 1-2.   The Skokomish filed an answer and a Counter-Request for Determination, which was bifurcated on the Court's motion from Subproceeding 05-01, and opened as Subproceeding 05-02.   The Skokomish then filed an amended Request for Determination in this Subproceeding, asking that "the Court determine and declare an equitable treaty fishing harvest allocation for the available harvest of all species of finfish and shellfish in Hood Canal."   Dkt. # 55.   The S'Klallam have moved to dismiss, asserting that the Court does not have jurisdiction to allocate the fisheries resources among the tribes.   They also advance arguments based on res judicata and standing.   The Court finds reason to dismiss on both jurisdictional and res judicata grounds, and need not reach the standing argument.

    I.  <u>Subject Matter Jurisdiction</u>

The Court retained jurisdiction in this matter for certain specified purposes, set forth in Paragraph

---

[1] The Hood Canal Agreement between the Skokomish and three S'Klallam Tribes was signed in 1982 and adopted by the Court in 1983.   <u>United States v. Washington</u>, 626 F. Supp. 1405, 1468-9 (W.D.Wash. 1985).   In the Agreement, the other signatory tribes recognized the Skokomish Tribe's primary right to fish in Hood Canal.   In exchange, the Skokomish agreed that

**it will not, under any condition or for any reason whatsoever, exercise or seek to exercise its primary right on Hood Canal north of Ayock Point . . . against any of the other stipulating parties without its or their express consent.**

626 F. Supp. at 1469.   Subsequently, in 1984, the Court issued a judicial determination of the primary right of the Skokomish in Hood Canal.   The Court ruled that

**No tribe or member of a tribe shall exercise treaty fishing rights within the area of Hood Canal or on rivers or streams draining into Hood Canal subject to the primary right of the Skokomish Indian Tribe without the prior express consent of the Skokomish Indian Tribe or as otherwise provided by the Hood Canal Agreement . . . and Order of March 8, 1983.**

<u>Id</u>. at 1487.   The Court noted in its Conclusions of Law that the Agreement

**contains the consent of the Skokomish Indian Tribe to fishing within certain parts of its territory, or primary right area, by members of the named Klallam bands, subject to conditions stated therein.   That stipulation and order shall continue to govern treaty fishing by members of the Klallam bands in the areas described in it.**

<u>Id</u>. at 1491.   Thus, the Court's Order determining the primary right of the Skokomish maintained the force and effect of the Hood Canal Agreement on that primary right.   This ruling was affirmed by the Ninth Circuit.   <u>U.S. et al. v. Skokomish</u>, 764 F. 2d 670 (9th Cir. 1985).

ORDER ON MOTION TO DISMISS - 2

25 of the Permanent Injunction.  *U.S. v. Washington*, 384 F. Supp. 312, 419 (W.D.Wash. 1974).  The

Skokomish allege jurisdiction in this Subproceeding under three separate sections of Paragraph 25, as

amended by Court Order dated August 23, 1993.   Paragraph 25 states, in relevant part,

> (a)  The parties or any of them may invoke the continuing jurisdiction of this court in order
> to determine:
>
> (1)  Whether or not the actions intended or effected by any party (including the party seeking
> a determination) are in conformity with Final Decision # 1 or this injunction;
>
> . . . .
>
> (4)  Disputes concerning the subject matter of this case which the parties have been unable
> to resolve among themselves;
>
> . . . and
>
> (7)  Such other matters as the court may deem appropriate.

C70-9213, Dkt. # 13599.   The Skokomish have invoked this Court's jurisdiction under these three

sections.

In moving to dismiss, the S'Klallam have only addressed the Skokomish Request under sections

(4) and (7).  These arguments shall be addressed first.

The S'Klallam assert that section (4) is inapplicable to confer jurisdiction because the parties have

settled their dispute, with finality, through the Hood Canal Agreement.   The dispute here does not arise

from the Hood Canal Agreement, and it cannot be settled by looking to its terms.  Instead, the

Skokomish are asking the Court to bypass the Agreement and create an allocation for the parties because

they cannot agree among themselves as required by the Agreement.

The Skokomish, in response, contend that the Court's power arises from the language in the

Hood Canal Agreement stating that

> north of Ayock Point on Hood Canal the Skokomish and the Klallam Bands may
> exercise their respective treaty fishing rights without any limitation or control
> whatsoever by any of the stipulating parties, except as the stipulating parties may
> mutually agree by compact **or otherwise**.

*U.S. v. Washington*, 626 F. Supp. at 1469.

The Skokomish argue that the "or otherwise" language suggests that if the parties cannot reach an

agreement they can "take advantage of any other remedy, including the Court's continuing jurisdiction

over this case."  Opposition to Motion to Dismiss, p. 8.  That is not merely a strained reading of the

ORDER ON MOTION TO DISMISS - 3

1    language, it is incorrect.   The term "or otherwise" clearly refers to a manner in which the parties may

2    agree—"by compact or otherwise."  But come to agreement they must.  Neither this section nor any

3    other provision in the Hood Canal Agreement empowers the Court to allocate harvest shares in the

4    absence of the agreement of the parties.  Thus, while this Court may interpret and enforce the Agreement,

5    as indeed it did in Subproceeding 05-01, it cannot take action which would be contrary to it.  Forcing an

6    allocation of harvest shares upon the other tribes, in the absence of their consent, would be contrary to

7    the Agreement.

8            The Skokomish also contend that the Court has jurisdiction under Paragraph 25, section (4) to

9    resolve disputes which the parties are unable to resolve themselves.   However, the Court's power under

10   this section extends only to "disputes concerning the subject matter of this case" which the parties have

11   been unable to resolve.  The subject matter of this case is treaty fishing rights, not the equitable rights of

12   any one tribe to harvest a certain allocation of fish.  Thus, a dispute over the exercise of a tribe's primary

13   rights would fall under the Court's jurisdiction.  But this dispute is not over the primary right of the

14   Skokomish.  Both that primary right, and the exercise of that primary right, were addressed in prior

15   orders of *U.S. v. Washington* and the Hood Canal Agreement, and those decisions are res judicata.

16   Nowhere in these decisions is there a finding that inter-tribal allocation (as opposed to allocation between

17   treaty- and non-treaty fishermen) is the subject matter of this case.

18           The Skokomish assert that this Court "has accepted jurisdiction to hear all prior disputes

19   concerning some aspect of intertribal allocation. *See, e.g.*, Subproceeding Nos. 83-3, 83-9, 86-5, 86-8,

20   86-10, 87-2, 87-4, 88-2, 89-2, 91-1, and 96-1. . . ."  Opposition to Motion to Dismiss, p. 11.   This

21   statement is not supported by citation to any specific prior language of the Court.  The parties were asked

22   prior to oral argument to provide specific citations, by docket number, to Orders filed in other

23   Subproceedings to which they would make reference or upon which they would rely.   Only one

24   document from the quoted list of Subproceedings was provided, namely a declaration from 86-5, to

25   which was attached the referenced South Puget Sound Region of Origin Treaty Salmon Allocation

26   Agreement.  C70-9213, Dkt. # 14804.   This document does not support the Skokomish assertion that

27   the Court has accepted jurisdiction to hear allocation disputes.  Instead, it demonstrates that the tribes

28   negotiated among themselves and arrived at an allocation by agreement.

 ORDER ON MOTION TO DISMISS - 4

1    The Skokomish also quoted in their opposition from an Order filed in Subproceeding 91-1

2    ("Halibut Subproceeding"), establishing an interim management plan for the halibut fishery.  C70-9213,

3    Dkt. # 17112.    Again, in that Subproceeding, the Court did not actually allocate the halibut harvest, but

4    chose among several management plans proposed by different tribes.  Most importantly, the Court

5    specifically noted that "the instant parties **have consented to the authority of this court** to enter an

6    order adopting an FMP [Fisheries Management Plan] for the 2001 halibut fishery."  C70-9231, Dkt. #

7    17112, p. 5 (emphasis added).  Such consent is lacking in this Subproceeding: the S'Klallam do not

8    consent to have the Court craft a management plan or harvest allocation for the Hood Canal fishery.

9    Absent that consent, the Court does not have jurisdiction under Paragraph 25(a)(4) to do so.

10    The Skokomish also contend that the Court has jurisdiction to determine an allocation under

11    section (7) of Paragraph 25, which is reserved for "such other matters as the court may deem

12    appropriate."   This is a discretionary section, and in light of the considerations set forth elsewhere in this

13    opinion, the Court does not deem it appropriate to take jurisdiction of this matter.

14    Finally, the Skokomish argue that nowhere did the S'Klallam oppose jurisdiction under section (1)

15    of Paragraph 25, and that therefore this point is conceded.  However, the Court may consider matters of

16    its jurisdiction on its own motion, regardless whether a party addresses it.   Under section (1) of

17    Paragraph 25, the Court retains jurisdiction to consider "[w]hether or not the actions intended or effected

18    by any party (including the party seeking a determination) are in conformity with Final Decision # 1 or

19    this injunction."  C70-9213, Dkt. # 13599.   Nowhere have the Skokomish identified how this

20    Subproceeding concerns an "action" by any party which is, or is not, in conformity with the final decision.

21    Instead, they are asking the Court to take an action—one that is not in conformity with the final decision,

22    for the reasons set forth above.

23    Under their section (1) argument, the Skokomish assert that "[t]he Court has been clear since the

24    late 1970's that jurisdiction concerning '[r]egulation and harvest control over the fish allocated to treaty

25    fisherman [sic] . . . shall remain with the court.'" Response at 7, citing *U.S. v. Washington*, 459 F. Supp.

26    1020, 1103 (1978).   That language was lifted from the Memorandum Order and Preliminary Injunction

27    re:  Allocation of 1977 Salmon Runs and Other Matters, dated September 28, 1977.  The "allocation" in

28    this order refers to allocation of salmon between treaty- and non-treaty fisherman, not allocation among

ORDER ON MOTION TO DISMISS - 5

1 tribes.   The cited paragraph further required that "[t]ribal regulations governing such fishery shall be

2 adopted and filed with the court in strict conformance with final Decision # 1 and subsequent orders of

3 this court." Id.   This language simply requires that the tribes adopt their own fishing regulations in

4 conformity with Final Decision # 1; it does not supercede the jurisdictional limitations set forth in

5 Paragraph 25 of the permanent injunction.

6         In summary, the Court has retained jurisdiction in this case for the specific purposes set forth in

7 Paragraph 25, and no other.   The request for allocation of the treaty harvest as a form of equitable relief

8 does not fall within any of the purposes set forth therein.  Fishing in the Hood Canal is governed by the

9 Hood Canal Agreement, which does not provide for Court intervention should the parties fail to agree on

10 management.   The resulting "race fishery," should it come to that, may be undesirable in the eyes of

11 some, but the Hood Canal Agreement does not address any other alternative should the parties to that

12 Agreement fail to agree on harvest quotas.[2]

13         II. Res Judicata

14         As the S'Klallam so ably argued at oral argument, the Hood Canal Agreement is res judicata as

15 between the parties here.   All the necessary elements for application of res judicata have been met: rights

16 or interests established in the Agreement would be eroded or impaired by Court intervention in the Hood

17 Canal fishery;  the same evidence is relevant to both the prior actions and this one;  the same rights are at

18 issue; and both the prior determinations (those culminating in the Hood Canal Agreement) and this

19 Subproceeding arise from the same transactional nucleus of facts.  *Costantini v. Trans World Airlines,*

20 681 F. 2d. 1199, 1201 (9th Cir. 1982).

21                                        CONCLUSION

22         The court finds, as set forth above, that it does not have jurisdiction under Paragraph 25 of the

23 Permanent Injunction to grant the relief requested here.  The rights and obligations of the parties here

24 have been conclusively set forth in the Hood Canal Agreement, which itself does not empower the Court

25 to allocate fisheries resources among the tribes fishing in Hood Canal.  In the Agreement, the Skokomish

26

27         [2] The Lower Elwah argued, in opposition to dismissal, that a race fishery in Hood Canal would result in destruction of the resource through a "tragedy of the commons".   This cannot occur, however,

28 because the total combined harvest of each species by all the Tribes is limited by state fisheries regulations which are not at issue here.

ORDER ON MOTION TO DISMISS - 6

1   specifically agreed that they would not, "under any condition or for any reason whatsoever, exercise or

2   seek to exercise its primary right on Hood Canal north of Ayock Point . . . against any of the other

3   stipulating parties without its or their express consent." *U.S. v. Washington*, 626 F. Supp. at 1469.

4   The Skokomish benefitted from the Agreement in that it resulted in the recognition of their primary right

5   in Hood Canal, and they may not now avoid that Agreement or any provision thereof.  Nor may they ask

6   the Court to intervene in the name of "equity" and take action which they themselves cannot.

7          Accordingly, the S'Klallam motion to dismiss for lack of jurisdiction is GRANTED and this

8   Subproceeding is DISMISSED.

9          DATED this 21 Day of  November 2006.

10

11

12                                                    RICARDO S. MARTINEZ
                                                      UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON MOTION TO DISMISS - 7